UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EDNA J. ROUNDTREE-MCCOY                                                                PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:14cv747-DPJ-FKB

MISSISSIPPI VALLEY STATE UNIVERSITY                                            DEFENDANT

ORDER

This employment-discrimination case is before the Court on Plaintiff Edna J. Roundtree-McCoy's Motion for Reconsideration of Order Granting Motion for Summary Judgment [40]. Because Plaintiff has not demonstrated a basis for relief under Rule 59(e), her motion is denied.

I.      Facts and Procedural History

On March 29, 2016, this Court granted Defendant Mississippi Valley State University's ("MVSU") motion for summary judgment, concluding that Plaintiff did not meet her burden to demonstrate that MVSU's proffered reasons for terminating her were pretext for retaliation. Order [37] at 5–7.  In its Order, the Court noted that Plaintiff failed to "rebut MVSU's articulated reasons for terminating her."  *Id.* at 5.  Plaintiff now says that she declined to rebut MVSU's reasons because she believed MVSU conceded that she could do so.  She points to the following sentence from MVSU's memorandum in support of its motion for summary judgment:

> While it is undoubtedly true that Ms. McCoy has an explanation as to why every action taken by [MVSU personnel] was either unfair, against university policy or both, her burden at this point is to show the Court some credible evidence that these reasons were false in fact and instead, merely a pretext for illegal retaliation.

Def.'s Mem. [28] at 25 (cited in Pl.'s Mot. [40] ¶ 4).  Plaintiff now asks the Court to consider her affidavit purporting to refute MVSU's articulated reasons for terminating her and to set aside its judgment under Federal Rule of Civil Procedure 59(e).

II.     Analysis

Rule 59(e) allows a court to alter or amend a judgment. But reconsideration "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). And "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* Instead, a motion under Rule 59(e) may be granted only "if an intervening change in controlling law occurs; if new evidence becomes available; or to correct a clear error o[f] law or prevent mainfest injustice." *McGillivray v. Countrywide Home Loans, Inc.*, 360 F. App'x 533, 537 (5th Cir. 2010).

Plaintiff does not specify the precise basis for the relief she seeks under Rule 59(e), but as the motion does not involve "newly discovered evidence," *Coliseum Square Ass'n v. Jackson*, 465 F.3d 215, 247 (5th Cir. 2006), or an alleged "intervening change in controlling law," *McGillivray*, 360 F. App'x at 537, the Court assumes Plaintiff claims letting the Court's judgment stand would result in manifest injustice. She supports that contention with her own newly generated affidavit. Where

> a party seeks to upset a summary judgment on the basis of evidence she failed to introduce on time . . . , the court should consider, among other things, the reasons for the moving party's default, the importance of the omitted evidence to the moving party's case, whether the evidence was available to the non-movant before she responded to the summary judgment motion, and the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened.

*Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).

Applying these factors to the present case, the Court will not accept this post-judgment evidence. First, Plaintiff fails to offer a valid excuse. As noted above, she claims there was no

2

need to provide competent record evidence given Defendant's "concession" that she could do so. But no reasonable reading of MVSU's brief could lead to that conclusion—i.e., that Defendant essentially conceded the pretext prong. To the contrary, MVSU's very point was that Plaintiff offered nothing but subjective opinions and could not meet her burden under Rule 56(c). As MVSU stated in its memorandum, "McCoy must produce some evidence that MVSU's articulated reasons were a mere pretext, and retaliation was the real motive for her termination. . . . Defendant submits that on this record, McCoy cannot satisfy that burden." Def.'s Mem. [28] at 24–25. It then argued that "her burden at this point is to show the Court some credible evidence that these reasons were false in fact and instead, merely a pretext for illegal retaliation." *Id.* at 25. This conceded nothing and was instead a challenge to come forward with evidence—a challenge Plaintiff ducked. Second, there is no reason Plaintiff could not have offered her affidavit before judgment—it came from her. These first two factors weigh heavily against Plaintiff's motion because the time to offer evidence is before the Court rules. Third, there may be at least some unfair prejudice to MVSU in reopening this case as it has already fully briefed the issues and obtained judgment. Reopening the case would cause delay and require new briefing. That said, this factor is not as strong as the first two.

The only other factor is the importance of the evidence. That factor would not outweigh the others in this instance even if the affidavit was strong. But even considering the contents of Plaintiff's affidavit, the Court would still conclude that its summary-judgment order was proper. Where an employer offers non-retaliatory reasons for the plaintiff's termination, "[t]he plaintiff must rebut each . . . reason articulated by the employer." *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003). She may do so by "showing that the employer's proffered explanation is false or

3

'unworthy of credence.'"  *Id.* (quoting *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001)).  "An explanation is false or unworthy of credence if it is not the real reason for the adverse employment action."  *Id.*  The Court's

> inquiry is whether [MVSU's] perception of [Plaintiff's] performance, accurate or not, was the real reason for her termination.  It is not whether [MVSU's] proffered reason was an incorrect reason for her discharge.  Our concern is whether the evidence supports an inference that [MVSU] intentionally discriminated against [Plaintiff], an inference that can be drawn if its proffered reason was not the real reason for discharge.  Therefore, to survive [MVSU's] motion for judgment as a matter of law, [Plaintiff] must produce evidence permitting the jury to disbelieve that [MVSU's] proffered reason was its true motivation.

*Id.* at 579 (internal quotation marks and citations omitted); *accord Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995) ("The question is not whether an employer made an erroneous decision; it is whether the decision was made with discriminatory motive."); *see also Bryant v. Compass Grp. USA Inc.*, 413 F.3d 471, 478 (5th Cir. 2005) ("Employment discrimination laws are 'not intended to be a vehicle for judicial second-guessing of business decisions, nor . . . to transform the courts into personnel managers.'" (quoting *Bienkowski v. Am. Airlines, Inc.*, 851 F.2d 1503, 1507–08 (5th Cir. 1998))).

Plaintiff's 21-page affidavit does not establish that MVSU's stated reasons were not the real reasons for her termination.  While the affidavit uses the conclusory phrasing "this is not true . . . this is just a pretext to hide the real reason for terminating me which is retaliation" throughout, the affidavit mostly explains Plaintiff's side of the story with respect to the various disagreements she had with her supervisor, Dr. Toney.  *E.g.*, Pl.'s Aff. [40-1] at 3–4; *see Murphree v. Potter*, 226 F. Supp. 2d 826, 838 (N.D. Miss. 2002) ("The law in the Fifth Circuit, however, is clear:  no matter how genuine an employee's subjective belief of [retaliation] may

4

be, it cannot serve as the basis for judicial relief."). Plaintiff's affidavit actually demonstrates that there were numerous clashes between Plaintiff and her supervisor about how Plaintiff's department should be run. It does not indicate that MVSU fabricated false allegations to hide a retaliatory motive.

Because the *Lavespere* factors weigh against consideration of Plaintiff's untimely affidavit, the Court declines to consider it. And Plaintiff has demonstrated neither a basis for relief under Rule 59(e) nor that the Court's summary-judgment order was improper.

III. Conclusion

For the foregoing reasons, Plaintiff's Motion for Reconsideration of Order Granting Motion for Summary Judgment [40] is denied.

**SO ORDERED AND ADJUDGED** this the 13th day of September, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE